IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IHAB NASERALLAH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 19-cv-232 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| FULL CIRCLE TERMINAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Ihab Naserallah ("Naserallah"), individually and as president of Rail-Land Logistics, Inc.; Bishara Abuhamameh ("Abuhamameh"), individually as a president of ABI Logisics, Inc.; Azme Taha ("Taha"), individually and as president of Hala Express, Inc.; Loay Y Ashour ("Ashour"), individually and as president of Hebron Logistics, Inc.; and Baraa Awwad ("Awwad"), individually and as operations manager of Flexi Express, Inc. (collectively "Plaintiffs") filed this action against a host of Defendants, alleging, *inter alia*, that Defendants conspired to, and did, discriminate against them in violation of a host of federal and state laws. Currently before the Court are Defendants' motions [57, 58] to dismiss Plaintiffs' governing second amended complaint. For the reasons explained below, Defendants' motions [57, 58] are granted. Plaintiffs' second amended complaint [56] is hereby dismissed. The Court dismisses the federal claims with prejudice and dismisses the state law claims without prejudice, with leave to refile in state court (see 735 ILCS 5/13-217). A final judgment consistent with Federal Rule of Civil Procedure 58 will be entered on the federal claims. Civil case terminated.

I.  **Background**[1]

The following facts are taken from Plaintiffs' second amended complaint [56] ("Complaint") and assumed to be true for the purposes of Defendants' motions to dismiss [57, 58]. The Court previously issued an order [23] granting Defendants' motions to dismiss without prejudice and with leave to file an amended complaint. Plaintiffs filed an amended complaint [24], which was challenged again by motions to dismiss for failure to state a claim [25, 27, 41]. The Court, again, issued an order [42] granting Defendants' motion to dismiss without prejudice with leave to file an amended complaint. Plaintiffs then filed a second amended complaint [56], which again has been challenged by motions to dismiss for failure to state a claim [57, 58].

In evaluating the motions to dismiss, the Court focuses first on Plaintiffs' federal claims, for if those claims are subject to dismissal, then the usual practice in this circuit is to relinquish jurisdiction over any state claims. The Plaintiffs' second amended complaint focuses on two separate alleged wrongs – one perpetrated against a single individual Plaintiff and his company, and the other involving all of the remaining Plaintiffs; the complaint references 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986. The Court therefore infers that Plaintiffs' counsel intends to proceed under those statutes.

In Count I, Plaintiff Naserallah alleges that effective January 1, 2017, he and his business, Rail-Land Logistics, Inc., entered into a one-year lease agreement with Defendant Full Circle. [56, ¶ 21]. Plaintiffs maintain that Rail-Land fully performed its obligations under the lease, paying all rents due. [*Id.*, at ¶ 24]. Starting in May 2017, Full Circle, acting through certain of its officers and agents, "began a campaign to intimidate and harass" Plaintiff Naserallah in an attempt to deprive

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

him and his company of their rights to the leased property. [*Id.*, at ¶ 26]. In particular, Plaintiff Naserallah alleges that he was subjected to "racial epitaphs [*sic*]" and other "racial comments" made by one Full Circle employee (Defendant Iman Jalali) in the presence of another Full Circle employee (Defendant Mark Hannah). [*Id.*, at ¶ 27]. According to the second amended complaint "Jalali threatened to ruin the businesses of the plaintiffs if they refused to vacate the premises at 13108 Grant Road in Lemont, IL by June 30th, 2017." [*Id.*]. Plaintiffs allege that Defendant Full Circle, acting through Defendants Hannah and Jalali, again attempted to "illegally" terminated Plaintiff Naserallah's lease on June 16, 2017. [*Id.*, at ¶ 28] Defendants filed a civil action with the Circuit Court of DuPage County on August 11, 2017 in an attempt to terminate Plaintiffs' possession of the subject property through the Illinois Forcible Entry and Detainer Act, 735 ILCS 5/9 – 101, *et* al. [*Id.*, at ¶ 29]. Plaintiffs' allege "Defendants acted under color of state law when they improperly and illegally attempted to terminate the plaintiffs' lawful possession of the premises." [*Id.*, at ¶ 30].

In Count II, Plaintiffs Abuhamameh, Taha, Ashour, and Awwad claim that they and their businesses were subjected to harassment. [*Id.*, at ¶ 40]. Specifically, they maintain that during May 2018, Defendants Full Circle and Premier and their employees "began to interfere with the Plaintiff's access to the subject premises through randomly digging large holes in the ground and blocking and/or interfering with the incoming truck traffic through the gate leading to the subject premises only as to the Plaintiffs, by deactivating Plaintiffs key cards." [*Id.*, at ¶ 32]. Plaintiffs further allege that Defendants "began blocking the Plaintiff's equipment and dropping shipping containers in order to attempt to force Plaintiffs from the subject premises and defendant's dug even more holes all over the subject premises." [*Id.*, at ¶ 33]. In addition, according to Plaintiffs, "Premier employees blocked the entrance to Mr. Abuhamameh's repair shop and broke the lock

3

to the shop" and "took over" some tools, equipment, and a truck. [*Id.*, at ¶ 34]. Plaintiffs allege these actions of the Defendants are discriminatory because the Defendants directed them toward "Mr. Naserallah's tenants who were of Arab descent." [*Id.*, at ¶¶ 35-36]. Plaintiffs further allege "Mr. Naserallah had several tenants who were not of Arab decent, including Potsma and Premier * * * [whose] key cards remained fully functional" and "they were not subject to any of these harassing actions and continued to park their vehicles and use the premises without interruptions of their businesses." [*Id.*, at ¶ 36]. The complaint also includes several state law causes of action.

**II.     Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, "[t]o

survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct." *Langworthy v. Honeywell Life & Acc. Ins. Plan*, 2009 WL 3464131, at *2 (N.D. Ill. Oct. 22, 2009) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley*, 671 F.3d at 616).

### III. Analysis[2]

#### A. Claims under Sections 1981 and 1982

Section 1981 and § 1982 authorize claims for intentional discrimination. In Count I, Plaintiffs allege that "on multiple occasions" one Full Circle employee used "racial epitaphs [*sic*]" and made "other racial comments" toward Plaintiff Naserallah and his tenants of Arab descent in the presence of another Full Circle employee. [56, at ¶ 27]. Plaintiffs also claim that "[Defendant] Jalali threatened to ruin the businesses of the plaintiffs if they refused to vacate the premises at 13108 Grant Road in Lemont, IL by June 30th, 2017." [*Id.*]. Plaintiffs further allege that Defendant Full Circle, acting through Defendants Hannah and Jalali, again attempted to "illegally" terminate Plaintiff Naserallah's lease on June 16, 2017. [*Id.*, at ¶ 28]. Plaintiffs' complaint offers no facts indicating a causal link between the alleged racial epithets and the attempts to "illegally" terminated Plaintiffs' lease. In fact, Plaintiffs acknowledge that Defendants *legally* attempted to terminate Plaintiffs' lease by filing a civil action in the Circuit Court of DuPage County on August 11, 2017. [*Id.*, ¶ 29]. Plaintiffs cannot allege that it was unlawful for the Defendants to avail themselves of the protections of the legal system in an attempt to terminate Plaintiffs' possession

---

[2] Because the Plaintiffs repeatedly failed to timely file a response, the Court rules upon Defendants' motions without the benefit of briefing from Plainti

of the subject property through the Forcible Entry and Detainer Act, 735 ILCS 5/9 – 101, *et al.*, which has not been found to be unconstitutional or discriminatory.

Acknowledging that the epithet noted in the second amended complaints is reprehensible, not every use of racist language is actionable under § 1981 and § 1982. To give rise to a plausible inference of racial harassment or discrimination, the objectionable language must be used contemporaneously with the alleged wrongful conduct – here, the termination of the lease – or must be causally related to the decision-making process leading up to that conduct. See, *e.g.*, *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 581 (7th Cir. 2015) ("To be probative of discrimination, isolated comments must be contemporaneous with the discharge or causally related to the discharge decision making process.") (quoting *Geier v. Medtronic, Inc.*, 99 F.3d 238, 242 (7th Cir. 1996)); see also *Comcast Corp. v. Nat'l Ass'n of Afr. Am.- Owned Media*, 140 S. Ct. 1009, 1015-19 (2020) (explaining that in cases brought under civil rights laws like §§ 1981 and 1982, race must be the "but-for cause" of an injury, a more stringent standard than required under Title VII). Here, Plaintiffs have provided nothing to link the slurs to the eviction, either temporally or otherwise. Any inference that Plaintiff was evicted on the basis of discrimination – as opposed to a failure to comply with the terms of the lease agreement – thus rests on nothing but speculation.

The allegations in Count II provide deficient support for racial discrimination claims. The only hint of racial bias comes in the form of an allegation that Defendants' interfered with Plaintiffs' access to the subject premise by "randomly digging large holes in the ground and blocking and/or interfering with the incoming truck traffic through the gate leading to the subject premises *** by deactivating Plaintiffs key cards," while "tenants who were not of Arab decent *** were not subject to any of these harassing actions." [56, at ¶¶ 32, 36]. Plaintiffs' allegations in the second amended complaint do not rise to the level of intentional discrimination, as the

Seventh Circuit has held mere conclusory allegations of intentional discrimination are legally insufficient to survive a motion to dismiss. See *Jafree v. Barber*, 689 F. 2d 640, 643 (7th Cir. 1982)

### B. Claims under Section 1983

Plaintiffs' effort to state a claim under § 1983 suffers from an even more obvious flaw. In order to plead a claim under § 1983, a plaintiff must allege that the defendant acted under color of state law and deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Armato v. Grounds*, 766 F.3d 713, 719-20 (7th Cir. 2014). A private entity acts under color of state law when the "deprivation of federal rights [was] caused by the exercise of a right or privilege created by the state, a rule of conduct imposed by the state, or someone for whom the state is responsible" and the private entity "may fairly be said to be a state actor." *London v. RBS Citizens, N.A.*, 600 F3d. 742, 746 (7th Cir. 2010). Plaintiffs also allege that Defendants conspired to violate their rights. [56, at ¶ 38, 40]. To state a plausible § 1983 conspiracy claim, a plaintiff must allege: (1) the individuals involved reached an agreement to deprive a plaintiff of his or her constitutional rights; and (2) an overt act(s) in furtherance of the agreement actually deprived the plaintiff of those constitutional rights. See *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). The second amended complaint lacks any factual basis supporting a plausible claim that the Defendants reached an agreement to deprive the Plaintiffs of their constitutional rights or an overt act in furtherance of any such agreement. Furthermore, Defendants were not acting under color of state law in regard to the events giving rise to this litigation. Accordingly, a § 1983 claim simply is not viable. See *Minard v. Wal-Mart Stores, Inc.*, 2014 WL 12709675, at 1 (N.D. Ill. Nov. 19, 2014).

### C. Claims under Sections 1985 and 1986

Section 1985 provides a remedy for conspiracy to interfere with civil rights. In addition to the existence of such a conspiracy, Plaintiff must plead "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Under both § 1985 and § 1986, a plaintiff must plead some underlying violation of his or her civil rights. See *Sow v. Fortville Police Dept.*, 636 F.3d 293, 305 (7th Cir. 2011). Sections 1981, § 1982, and § 1983 all can constitute an underlying civil rights violation. But, as explained above, the second amended complaint fails to state a claim under those statutes. Plaintiffs' allegations of the basic elements of a conspiracy – agreement, overt act – are also severely lacking, but the Court need not opine whether they would suffice since no underlying civil rights violation has been alleged. Finally, a successful § 1985 claim is a necessary predicate of a § 1986 claim. See *Curry v. Advoc. Bethany Hosp.*, 204 Fed. App'x. 553, 558 (7th Cir. 2006).

### D. State law Claims

The Seventh Circuit has consistently explained that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); see also *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) ("As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims"); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendant state-law

8

claims rather than resolving them on the merits").[3] Plaintiffs state law claims are therefore dismissed as to all Defendants without prejudice.

IV. **Conclusion**

For the reasons stated above, Defendants' motions to dismiss [57, 58] are granted. The Court dismisses the federal claims with prejudice and dismisses the state law claims without prejudice, with leave to refile in state court (see 735 ILCS 5/13-217). A final judgment consistent with Federal Rule of Civil Procedure 58 will be entered on the federal claims. Civil case terminated.

Dated: March 29, 2021

Robert M. Dow, Jr.
United States District Judge

---

[3] The court of appeals has discussed "three well-recognized exceptions" to the general rule that "when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright*, 29 F.3d at 1252. As the court has explained, occasionally there are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine –judicial economy, convenience, fairness and comity – will point to [a] federal decision of the state- law claims on the merits." *Id*. None of those exceptions applies here, however, because (1) there is no indication that the pendent claims would be untimely, (2) very few if any judicial resources have been committed, and (3) it is not absolutely clear how the pendent claims must be decided. See *id*.